UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 19-cv-2729 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| WAIL TALAB SALEM | ) | |
| a/k/a WAEL TALAH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The United States seeks to revoke the Defendant's citizenship based on false statements that he made during the naturalization process. The United States filed for judgment on the pleadings under Rule 12(c), based solely on the government's own complaint and the accompanying exhibits. But Rule 12(c) requires a pleading from both sides – it is, after all, a motion for judgment on the "pleadings," plural. *See* Fed. R. Civ. P. 12(c). A plaintiff cannot obtain judgment under Rule 12(c) based on plaintiff's complaint alone. The government filed its motion before the Defendant filed its answer, and for that simple reason, the motion for judgment on the pleadings (the *pleading*, actually) is denied.

Defendant Wail Talab Salem came to the United States from Jordan in 1986 on a student visa. *See* Cplt. ¶ 7. He got more out of this country than an education – he found a spouse, too. Before too long, he married a naturalized citizen, *id.* at ¶ 8, and his status soon changed to a permanent resident. *Id.* He later applied for and became a United States citizen. *Id.* at ¶ 27.

Unbeknownst to the United States, Salem was running a multi-million-dollar criminal operation. Beginning in April 1989 – four months before he became a permanent resident –

Salem perpetrated a scheme to steal money from a program that feeds the poor. *Id.* at 1. He owned a chain of neighborhood grocery stores, and he used those stores to fraudulently redeem millions of dollars of food stamps. *Id.* Over $12 million, to be exact. *Id.* He fleeced the government for six years. *Id.* at ¶ 9. Along the way, Salem committed mail fraud, food stamp fraud, and identity document fraud, and he obstructed the IRS, too. *Id.*

Defendant's criminal activity eventually caught up with him. He was arrested and later indicted on 24 counts. *See* Dckt. No. 1-3. In December 1998, Defendant signed a plea agreement. *See* Plea Agreement, Dckt. No. 1-4; Cplt. at ¶ 12. He pleaded guilty to 12 counts of the indictment, and admitted pages of facts that established his guilt. *See* Cplt. at ¶ 12

The Plea Agreement contained traditional language establishing that Salem knowingly and voluntarily accepted his guilt. The Plea Agreement made clear that Salem "read this Agreement and carefully reviewed each provision with his attorney," who "fully explained" the charges. *See* Plea Agreement, Dckt. No. 1-4, at 2-3, 21. Salem agreed that he "fully understands the nature and elements of the crimes with which he has been charged," and that he "will plead guilty because he is in fact guilty of the charges contained in" the 12 counts. *Id.* at 3. After pleading guilty, *see* Dckt. No. 1-6, Salem received a sentence of 56 months imprisonment. *See* Judgment in a Criminal Case, Dckt. No. 1-5, at 2; Cplt. at ¶ 14.

In 2019, the United States filed the current suit before this Court, seeking an Order revoking Salem's citizenship. The United States contends that Salem concealed the fact that he was engaged in criminal activity when he applied for U.S. citizenship. *See* Cplt. at 1-2. Until recently, Salem was "incarcerated for crimes committed *after* his naturalization and unrelated to the fraudulent scheme described" in the complaint. *See* Dckt. No. 7, at 5 n.4 (emphasis in original).

Salem did not respond to the complaint in a timely manner. Ordinarily, a plaintiff may seek a default judgment under Rule 55 when the defendant ignores a lawsuit. But the Supreme Court has expressed disapproval of default judgments in naturalization proceedings, given the importance of citizenship. *See Klapprott v. United States*, 335 U.S. 601, 612-13 (1949); *Schneiderman v. United States*, 320 U.S. 119, 122 (1943) (finding that citizenship is "such a right [that] once conferred should not be taken away without the clearest sort of justification and proof"); *see also Costello v. United States*, 365 U.S. 265, 269 (1961) ("American citizenship is a precious right."). That approach puts the government in a bit of a quandary: how can the government press forward in a naturalization case when a defendant refuses to participate?

In light of *Klapprott*, the United States did not seek a default judgment under Rule 55 in the case at hand. Instead, the United States elected to file a motion for judgment on the pleadings under Rule 12(c). *See* Dckt. No. 7. But that motion fits uncomfortably with the text of the Federal Rules. Rule 12(c) permits a motion for judgment on the "pleadings," *plural*, and the use of the plural was no accident. *See* Fed. R. Civ. P. 12(c). A plaintiff cannot obtain judgment under Rule 12(c) based on the plaintiff's own complaint, and nothing else.

A motion for judgment on the pleadings is a way to dispense with a claim after the defendant has filed an answer. "After the pleadings are closed" – and not before – "a party may move for judgment on the pleadings." *See* Fed. R. Civ. P. 12(c); 2 James Wm. Moore, Moore's Federal Practice § 12.38 (3d ed. 2019) ("If the pleadings have not closed because the defendant has failed to answer, the plaintiff's remedy is not a judgment on the pleadings. The proper motion in that situation is a motion for judgment of default under Rule 55."); 5C Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1367 (3d ed. 2019) ("[T]he plaintiff cannot move under Rule 12(c) until after an answer has been filed."); *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007)

3

("Under Rule 12(c), a party can move for judgment on the pleadings after the filing of the complaint and answer."); *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002) (same); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (same).

An answer is a pleading, *see* Fed. R. Civ. P. 7(a)(2), and Salem had not filed an answer when the United States filed a motion for judgment on the pleadings. So the pleadings had not "closed" when the government filed its motion, *see* Fed. R. Civ. P. 12(c), which means that a motion for judgment on the pleadings was not the right step. A motion under Rule 12(c) requires "competing pleadings," but here, the government wants judgment without confronting an answer as a competitor. *See* 5C Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1367 (3d ed. 2019).

In the meantime, Defendant filed a motion for an extension of time to file an answer, which this Court granted in part. *See* Dckt. Nos. 20 & 22. Salem filed an answer on November 22, 2019, and denied many of the complaint's core allegations. Salem basically denied that he had engaged in any criminal activity. *See* Dckt. No. 23. To put it mildly, that position is more than a little difficult to square with his Plea Agreement and ensuing guilty plea.

This Court could treat the government's motion for judgment on the pleadings as a motion for summary judgment. *See* 5C Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1371 (3d ed. 2019). Rule 12(d) contemplates something similar when a party submits materials outside the pleadings on a motion under Rule 12(c). *See* Fed. R. Civ. P. 12(d). And unlike a motion for judgment on the pleadings, a motion for summary judgment can be filed at any time. *See* 5C Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1369 (3d ed. 2019) ("In terms of timing, the summary judgment motion can be made by the plaintiff or the defendant at any time, although if the motion seems premature the court may extend the time to respond. By way of contrast, neither

party may move for a judgment on the pleadings until the close of the pleadings."); Fed. R. Civ. P. 56(b) ("[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). "[T]he summary judgment procedure is available when the defendant fails to file an answer, whereas technically no relief would be available under Rule 12(c) because the pleadings have not been closed." 5C Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1369 (3d ed. 2019). A plaintiff doesn't have to wait for the defendant's answer before filing for summary judgment, so the government could have filed a summary judgment motion here.

But there is one hitch. The Local Rules impose requirements for summary judgment motions, such as the filing of a statement of material facts. *See* Local Rule 56.1(a). And the government has not filed a Rule 56.1 statement.

Accordingly, this Court denies the government's motion for judgment on the pleadings without prejudice. The government may file a motion for summary judgment by restyling its motion for judgment on the pleadings. The government will need to file a Rule 56.1 statement, and otherwise comply with all requirements under the Local Rules.

One final word. Salem denied the allegations of the complaint about his prior criminal conduct, and did so almost in wholesale fashion. Before he does so again, Salem should contemplate the ramifications of his guilty plea. *See United States v. Valenzuela*, 2018 WL 3619503, at *6 (N.D. Ill. 2018) (Kennelly, J.). And he and his counsel should keep Rule 11 in mind, and ensure that they have a good-faith basis for any position that he may take in the next series of filings. A blanket denial – unsupported by admissible evidence, and untenable based on the undisputed facts – will not suffice.

Dated: December 3, 2019

Steven C. Seeger
United States District Judge